UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Amazon Digital Services, LLC, a Delaware limited liability corporation,<br><br>     Petitioner,<br><br>  v.<br><br>Nilmer Rubio,<br><br>     Respondent. | No. _____<br><br>AMAZON'S PETITION TO CONFIRM ARBITRATION AWARD |

Petitioner Amazon Digital Services, LLC ("Amazon") submits this Petition to Confirm Arbitration Award against Respondent Nilmer Rubio ("Respondent") stating as follows:

## I. PRELIMINARY STATEMENT

1. Amazon seeks an order from this Court pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, confirming the American Arbitration Association ("AAA") arbitration award issued and signed by Arbitrator Christopher Keay on May 16, 2018 (the "Award"), and entry of judgment thereon pursuant to 9 U.S.C. § 13.

## II. THE PARTIES

2. Petitioner Amazon Digital Services, LLC is a Delaware limited liability corporation with its principal place of business in Seattle, Washington.

3. Respondent Nilmer Rubio is an individual residing in Olongapo City, Philippines.

PETITION TO CONFIRM ARBITRATION AWARD - 1
4838-8456-8470v.3 0051461-002339

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax


### III. JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 9 U.S.C. § 9 because the Award giving rise to this Petition was issued in Seattle, Washington, less than one year before this Petition is being filed.

5. Venue is proper under 28 U.S.C. § 1391(b)(2) and 9 U.S.C. § 9 because the Award giving rise to this Petition was issued in Seattle, Washington.

### IV. FACTS

6. On September 6, 2017, Amazon filed a demand for arbitration (the "Demand") with the American Arbitration Association, entitled *Amazon Digital Services, LLC v. Nilmer Rubio.*, Case No. 01-17-0005-3166.[1]

7. The Demand alleged that Respondent tried to manipulate and abuse the Kindle Direct Publishing ("KDP") service for financial gain and to the detriment of KDP authors. The Demand further alleged that Respondent represented to authors that he could artificially inflate their KDP royalties in exchange for a share of their additional profits—as a kick back.

8. Amazon asserted claims against Respondents for: (1) breach of the Kindle Store Terms of Use; (2) breach of the Amazon Conditions of Use; (3) intentional interference with contractual relations; and (4) violation of the Washington Consumer Protection Act.

9. On October 19, 2017, the AAA duly appointed Christopher Keay, Esq. as the Arbitrator of this arbitration.[2]

10. On April 6, 2018, Arbitrator Keay presided over a telephonic hearing, where despite repeated adequate notice, Respondent Nilmer Rubio did not appear, and no counsel appeared on his behalf.

11. On April 23, 2018, Arbitrator Keay issued a partial final arbitration award in Amazon's favor and directed Amazon to file a cost and fee affidavit under RCW 19.86.090.

12. On May 16, 2018, Arbitrator Keay signed and issued the Award in Amazon's favor, which expressly incorporated the April 23, 2018 partial final award.[3]

---

[1] Declaration of Benjamin Robbins in Support of Petition to Confirm Arbitration Award ("Robbins Decl.") Ex. A.
[2] *Id.* Ex. B.

PETITION TO CONFIRM ARBITRATION AWARD - 2
4838-8456-8470v.3 0051461-002339

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

13. The Award has not been vacated under 9 U.S.C. § 10 or modified or corrected under 9 U.S.C. § 11.

14. Pursuant to 9 U.S.C. § 9, Amazon brings this action within one year of the Award made on May 16, 2018.

## V.   COUNT ONE
### (Confirmation of Arbitration Award)

15. The FAA authorizes a party to an arbitration agreement to apply for an order confirming the arbitration award "any time within one year after the award."  9 U.S.C. § 9. "[T]he court *must* grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." *Id.* (emphasis added).

16. Respondent has not sought to vacate, modify, or challenge the Award. Therefore, the limited statutory grounds under FAA Sections 10 and 11 are not present here.

17. The Ninth Circuit has held that the Court should confirm the award without reexamining the factual and legal reasoning of the Arbitrator because "confirmation is required even in the face of 'erroneous findings of fact or misinterpretations of law'. . . [and even if] the Panel may have failed to understand or apply the law." *French v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 784 F.2d 902, 906 (9th Cir. 1986) (citations omitted).

18. Amazon is entitled to confirmation of the Award, along with entry of judgment in conformity with the Award.[4]

## VI.   PRAYER

Amazon respectfully requests that this Court:

1. Issue an Order pursuant to 9 U.S.C. § 9 confirming the Award, attached as Exhibit D to the Robbins Declaration, issued by Arbitrator Christopher Keay on May 16, 2018;

2. Enter Judgment in favor of Amazon against Respondent;

3. Issue an Order enjoining Respondent, along with each of his representatives, successors, agents, and assigns, from:

---

[3] *Id.* Ex. C.
[4] A proposed order and judgment is submitted with this Petition.

PETITION TO CONFIRM ARBITRATION AWARD - 3
4838-8456-8470v.3 0051461-002339

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104
206.622.3150 main · 206.757.7700 fax

    a. Engaging, encouraging, or assisting in any practice involving the use of fraudulent accounts, bots, clickfarms, or other tools to artificially increase page views in violation of Amazon's rules and policies;

    b. Engaging, encouraging, or assisting in any practice that violates the Amazon Conditions of Use or Kindle Store Terms of Use; and

    c. Doing business with Amazon or any of its affiliated companies other than as a retail customer.

4. For such other and further relief as the Court deems proper.[5]

DATED this 13th day of May, 2019.

                    DAVIS WRIGHT TREMAINE LLP
                    Attorneys for Amazon Digital Services, LLC

                    By *s/ John A. Goldmark*
                        John A. Goldmark, WSBA #40980
                        *s/ Benjamin J. Robbins*
                        Benjamin J. Robbins, WSBA #53376
                        920 Fifth Avenue, Suite 3300
                        Seattle, WA  98104
                        Tel:  206.757.8068
                        Email:  johngoldmark@dwt.com
                        Email:  benrobbins@dwt.com

---

[5] If this Petition is unopposed, Amazon does not intend to request costs or fees.  If it is required to file a reply or argue the issue further, Amazon reserves its rights on these matters.

PETITION TO CONFIRM ARBITRATION AWARD - 4
4838-8456-8470v.3 0051461-002339

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104
206.622.3150 main · 206.757.7700 fax