UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON DIGITAL SERVICES LLC,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>NILMER RUBIO,<br><br>　　　　　　　　　Defendant. | CASE NO. 2:19-cv-00712-BAT<br><br>**ORDER AND JUDGMENT CONFIRMING ARBITRATION AWARD** |

Amazon Digital Services, LLC ("Amazon") petitions the Court to confirm an arbitration award and enter judgment against Respondent Nilmer Rubio ("Respondent"). Dkt. 1. For the reasons set forth herein, the Petition is **GRANTED**.

BACKGROUND

On May 13, 2019, Amazon filed a Petition pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, seeking an order confirming the American Arbitration Association ("AAA") arbitration award issued and signed by Arbitrator Christopher Keay on May 16, 2018 (the "Award"), and entry of judgment thereon pursuant to 9 U.S.C. § 13. Dkt. 1. This Court has jurisdiction pursuant to 9 U.S.C. § 9 because the Award giving rise to this Petition was issued in Seattle, Washington, less than one year before the Petition was filed. *Id.* Amazon does not seek costs or fees as its Petition is unopposed. *Id.*, fn. 5.

The Award

On September 6, 2017, Amazon filed a demand for arbitration (the "Demand") with the AAA, entitled *Amazon Digital Services, LLC v. Nilmer Rubio.*, Case No. 01-17-0005-3166. Dkt. 2, Declaration of Benjamin Robbins, Ex. A. The Demand alleged that Respondent tried to manipulate and abuse the Kindle Direct Publishing ("KDP") service for financial gain and to the detriment of KDP authors. The Demand further alleged that Respondent represented to authors that he could artificially inflate their KDP royalties in exchange for a share of their additional profits—as a kick back. Dkt. 1 at ¶ 7. Amazon asserted claims against Respondents for: (1) breach of the Kindle Store Terms of Use; (2) breach of the Amazon Conditions of Use; (3) intentional interference with contractual relations; and (4) violation of the Washington Consumer Protection Act. 9. Dkt. 1 at ¶ 8.

On October 19, 2017, the AAA duly appointed Christopher Keay, Esq. as the Arbitrator. Dkt. 2, Robbins Decl., Ex. B. On April 6, 2018, Arbitrator Keay presided over a telephonic hearing, where despite repeated adequate notice, Respondent Nilmer Rubio did not appear, and no counsel appeared on his behalf. Dkt. 10 at ¶ 10.

On April 23, 2018, Arbitrator Keay issued a partial final arbitration award in Amazon's favor and directed Amazon to file a cost and fee affidavit under RCW 19.86.090. On May 16, 2018, Arbitrator Keay signed and issued the Award in Amazon's favor, which expressly incorporated the April 23, 2018 partial final award. Dkt. 2, Robbins Decl., Ex. C.

The Award has not been vacated under 9 U.S.C. § 10 or modified or corrected under 9 U.S.C. § 11. Dkt. 1 at ¶ 13. Amazon brought this action within one year of the Award made on May 16, 2018, pursuant to 9 U.S.C. § 9. *See* Dkt. 1 (filed May 13, 2019).

ORDER AND JUDGMENT CONFIRMING
ARBITRATION AWARD - 2

<u>Service of Respondent</u>

Respondent was served with the statutorily required notice of the Petition in accordance with 9 U.S.C. § 9. Dkt. 14 (Certificate of Service). *See Amazon.com, Inc. v. Glenn*, No. C18-1289-MJP, 2018 WL 5921005, at *2 (W.D. Wash. Nov. 13, 2018) (service of nonresident respondent in accordance with Federal Rule of Civil Procedure 4 satisfies FAA Section 9's service requirement); *see also Amazon.com, Inc. v. Arobo Trade, Inc.*, No. C17-0804JLR, 2017 WL 3424976, at *4 (W.D. Wash. Aug. 9, 2017) (same). Respondent has filed no opposition to the Petition.

## DISCUSSION

The FAA authorizes a party to an arbitration agreement to apply for an order confirming the arbitration award "any time within one year after the award." 9 U.S.C. § 9. "[T]he court ***must*** grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." *Id.* (emphasis added).

Respondent has not sought to vacate, modify, or challenge the Award. Therefore, the limited statutory grounds under FAA Sections 10 and 11 are not present here. The Ninth Circuit has held that the Court should confirm the award without reexamining the factual and legal reasoning of the Arbitrator because "confirmation is required even in the face of 'erroneous findings of fact or misinterpretations of law'. . . [and even if] the Panel may have failed to understand or apply the law." *French v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 784 F.2d 902, 906 (9th Cir. 1986) (citations omitted).

Accordingly, it is **ORDERED, ADJUDGED, AND DECREED** that the Court enters Judgment in accordance with the Award as follows:

1. The Award is confirmed in its entirety;

2.  Respondent, along with each of his directors, principals, officers, employees, representatives, successors, agents, and assigns are enjoined from:

 a.  Engaging, encouraging, or assisting in any practice involving the use of fraudulent accounts, bots, clickfarms, or other tools to artificially increase page views in violation of Amazon's rules and policies;

 b.  Engaging, encouraging, or assisting in any practice that violates the Amazon Conditions of Use or Kindle Store Terms of Use; and

 c.  Doing business with Amazon or any of its affiliated companies other than as a retail customer.

DATED this 2nd day of September, 2020.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge